UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAIZHOU WAN-HAWK IMP&EXP CO., LTD. d/b/a Hawkwell,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:23-cv-6992 (RPK) (RML)<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff TAIZHOU WAN-HAWK IMP&EXP CO., LTD. d/b/a Hawkwell ("Hawkwell" or "Plaintiff"), by and through the undersigned counsel, alleges as follow:

## NATURE OF ACTION

1. This is a civil action brought by Plaintiff against Defendant Columbia Insurance Company ("CIC" or "Defendant") in connection with Defendant's baseless accusations and trademark infringement report regarding Plaintiff's lawful use of its registered trademark and designed logo for its footwear products and for a declaratory judgment of noninfringement of any trademarks purportedly owned by Defendant.

## PARTIES

2. Plaintiff Taizhou Wan-Hawk Imp & Exp Co., Ltd. is a Chinese company, having an address of 185 Zhongxin Avenue, B2 Building 4th Floor, Jiaojiang District, Taizhou, Zhejiang, China 318000.

3. Upon information and belief, Defendant Columbia Insurance Company is a Nebraska insurance company organized as a Corporation with its registered place of business at 1314 Douglas Street, Suite 1400, Omaha, NE 68102.

1

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this court because this lawsuit arises under 15 U.S.C. § 1051 *et seq.*, the Lanham Act. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 2201.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's Lanham Act claim as to form part of a single case or controversy because they arise from the same nucleus or operative facts and amount to a single judicial proceeding.

6. This Court has personal jurisdiction over Defendant pursuant to C.P.L.R. 301 because Defendant actively and routinely transacts business with New York residents through its online presence at www.nationalindemnity.com and offline agents as well as through its sales via Amazon.com. This Court also has personal jurisdiction over Defendant pursuant to C.P.L.R. 302(1) and (3) also because Defendant transacts business and supplies goods and services in New York, deriving substantial revenue therefrom, and because Defendant's baseless infringement report caused Plaintiff's loss of sales within the state of New York.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

8. An actual case or controversy has arisen between the parties. Defendant has (a) asserted that Plaintiff's use of its registered trademark and stylized logo constitutes trademark infringement upon Defendant's marks, and (b) caused Plaintiff's online service provider, Amazon.com ("Amazon"), to suspend Plaintiff's product listings on Amazon based on Defendant's baseless trademark infringement report.

## FACTUAL BACKGROUND

9. Hawkwell is a Chinese company that manufactures, sells, and promotes various footwear products. The products at issue are nursing shoes that Hawkwell sells through multiple online storefronts, including its official website and Amazon. Although

Hawkwell does not have a physical presence within the United States, it renders its services and provides its products primarily through online marketplaces and to U.S. customers, including customers from the state of New York. Hawkwell sells and delivers a steady flow of products to New York residents every month.

10. Hawkwell has an active trademark registration with the United States Patent and Trademark Office ("USPTO"): stylized word mark "**HAWKWELL**" in Class 025 for footwear products (Registration No. 4964304).

11. On or around June 27, 2023, Hawkwell received a letter from CIC regarding the alleged infringement of CIC's "Heart Designs" trademarks. Specifically, CIC contended that it was the trademark owner for various heart design marks in Class 025 for footwear products:

| Trademark | Registration Number | Class of Products/Services |
|---|---|---|
| ♥ (design mark) | 1259487 | Class 025: Footwear for Nurses |
| ♡ (design mark) | 1622605 | Class 025: Casual shoes for women and uniforms and hosiery for nurses, waitresses, medical personnel and the like |
| NURSE MATES ♥ (design plus words, letters, and/or numbers) | 4832425 | Class 018: All-purpose carrying bags; tote bags; waist packs. Class 025: footwear; t-shirts |

3

12. In the June 27 letter, CIC contended that Hawkwell's use of its HAWKWELL mark in combination with a heart shape infringed upon CIC's Heart Design trademarks. CIC called these designs as the "Problematic Marks":

, , and . CIC then demanded that Hawkwell "immediately cease and desist from any and all further use of the Problematic Marks and any marks including heart designs in connection with footwear, hosiery, socks, or any other related goods." CIC further demanded that Hawkwell provide sales records of products bearing the Problematic Marks.

13. On July 13, 2023, Hawkwell responded and denied CIC's infringement allegations. Hawkwell explained that only the tag of its shoes showed the HAWKWELL mark displayed with a solid heart shape, and the solid heart shape was not shown on the actual shoes or the shoe box. Hawkwell also stated that the solid heart shape was no longer used for Hawkwell's products, and the photo displaying the tag was from outdated marketing materials mistakenly placed on Hawkwell's online store. Hawkwell further offered to pay CIC in the amount of all the sales of the shoes bearing the alleged Problematic Marks to settle the matter, and Hawkwell represented that it has no more inventory using or bearing the Problematic Marks.

14. However, CIC raised new infringement allegations in response to Hawkwell's offer. CIC further contended that Hawkwell's current logos infringed CIC's Heart Designs.

15. HAWKWELL currently uses two logos for its products. The first one incorporates the HAWKWELL mark with a pulsing heart design,  (the "Pulsing Heart Logo"). The second one also incorporates the HAWKWELL mark, with stylized texts saying "Hawkwell Pro" and "nurse style" and an electrocardiography ("EKG")

4

pattern,  (the "Hawkwell Pro Logo," collectively with the Pulsing Heart Logo as the "Logos"). CIC claimed that the use of the Pulsing Heart Logo infringed upon its Heart Designs trademark. CIC also sought to enter into a licensing agreement for Hawkwell to continue using the Pulsing Heart Logo.

16. Along with the new allegations, on or around August 9, 2023, CIC reported Hawkwell's products bearing the Pulsing Heart Logo and/or the Hawkwell Pro Logo on Amazon and had Hawkwell's products removed. As a result, Hawkwell could not sell its products through Amazon to U.S. customers, including New York residents. Hawkwell managed to submit its response and reinstate its products within a day. However, on or around August 11, 2023, CIC submitted another trademark infringement report to Amazon and reported Hawkwell's products bearing the said logos. The August 11 report resulted in a product removal that lasted for about a week.

17. CIC's trademark infringement reports to Amazon are baseless, because Hawkwell's Logos are significantly different from CIC's Heart Designs.

18. Hawkwell's Pulsing Heart Logo is significantly different from CIC's Heart Designs. First and the most important, the Pulsing Heart Logo incorporates the HAWKWELL mark in a prominent position, which is nowhere to be found in CIC's Heart Designs. Second, the text components besides the use of the HAWKWELL mark are different. Hawkwell incorporates "Nurse style" in its logo, while CIC uses "Nurse Mates" in its design. Third, Hawkwell uses a contoured heart with an electrocardiography ("EKG") pattern inside the heart shape, while CIC uses a solid-colored heart shape.

19. The Hawkwell Pro Logo is significantly different from CIC's Heart Designs. First and the most important, the Hawkwell Pro Logo does not even use a heart shape design. The only non-text design element is an EKG pattern going across the logo. Second, the

Hawkwell Pro Logo uses the text "Hawkwell Pro" in a prominent position, which fully incorporates the HAWKWELL mark and is nowhere to be seen in CIC's Heart Designs. Third, the other text components are different – Hawkwell incorporates "Nurse style" in its logo, while CIC uses "Nurse Mates" in its design.

20. The below side-by-side comparison further illustrates the differences between Hawkwell's Logos and CIC's Heart Designs.

| Hawkwell's Logos | CIC's Heart Designs |
|---|---|
| The Pulsing Heart Logo | The '487 mark |
| The Hawkwell Pro Logo | The '605 mark |
| // | The '425 mark |

21. Upon information and belief, while CIC owns several "NURSE MATES" marks registered with the USPTO, CIC does not own any trademark incorporating the term "NURSE STYLE" in the whole or parts.

22. The only common word used among Hawkwell's Logos and the Heart Designs, "Nurse," is a commonly used word to describe or refer to goods and services for or by medical personnel, caretakers, and maternity health services. The generic nature of the word undercuts CIC's claim that CIC owns exclusive rights to the term "NURSE."

23. Hawkwell is also aware of many other trademarks registered with the USPTO that use various heart designs for nurse apparel and related products, which undermines CIC's claim that CIC owns exclusive rights to a heart shaped design.

6

24. Based on these reasons, Hawkwell objected to CIC's infringement allegations concerning the Logos and refused to enter any licensing agreement with CIC for its use of the Pulsing Heart Logo.

25. After CIC reported to Amazon the products bearing the Hawkwell Pro Logo, on or around August 23, 2023, CIC contended in its letter to Hawkwell that it "has no issue with Hawkwell using [the Hawkwell Pro Logo]." The self-conflicting positions of CIC further demonstrate CIC's bad faith in submitting baseless infringement reports concerning Hawkwell's use of the Hawkwell Pro Logo.

26. Hawkwell has contacted Amazon and managed to reinstate all listings of its products that bear both Logos. However, the de-listing of products due to CIC's baseless reports caused damages to Hawkwell in the form of loss of sales for the period that Hawkwell was not able to sell its products.

27. On or about October 19, 2023, CIC—for a third time—submitted an infringement report to Amazon, this time causing a third de-listing of Hawkwell's products bearing the Pulsing Heart Logo, from Amazon. CIC's third infringement report is as lacking in merit as CIC's previous two infringement reports. This repeated misuse by CIC of Amazon's de-listing or takedown procedure has caused, is causing and will continue to cause injury to Hawkwell that is not easily calculable and cannot be adequately compensated by damages.

28. Specifically, Hawkwell has suffered, is suffering and will continue to suffer from incalculable loss of goodwill and drop in brand rankings on Amazon due to CIC's repeated baseless reports, and there is no indication that CIC will stop submitting baseless reports to Amazon absent an appropriate Court order. Because CIC's baseless reports caused Hawkwell's products to be removed for some time, Hawkwell could not promote its products on Amazon for its brand to appear among the top search results of nurse apparel and shoes. Even though Hawkwell managed to restore its product listings, it has lost brand credits with

Amazon due to CIC's baseless reports. With lower brand credits, Hawkwell's product listings do not appear among the top search results of nurse apparel and shoes, which leaves Hawkwell in a disadvantaged position to attract customers. As a result, Hawkwell was forced to deploy more effort and resources to restore its brand rankings on Amazon to the status prior to the takedown.

29. Also as a result, Hawkwell has lost an incalculable amount of prospective business and goodwill to the Hawkwell brand because, as an online retailer with no physical U.S. presence, Hawkwell relies heavily on its presence and visibility on a site like Amazon to build its consumer base and its Hawkwell brand goodwill.

**COUNT I**
**(Declaratory Judgment of Non-Infringement under the Lanham Act)**

30. Hawkwell re-alleges and incorporates by reference paragraphs 1 through 29 hereof as if fully set forth herein.

31. There is an actual, substantial, and continuing justiciable controversy between Hawkwell and CIC concerning Hawkwell's use and/or incorporation of its Logos for its footwear products, and whether such use infringes upon CIC's Heart Designs marks, especially the '425 mark.

32. CIC has repeatedly stated and asserted that Hawkwell's use of the Pulsing Heart Logo infringes upon CIC's Heart Designs trademarks. CIC has also submitted several trademark infringement reports to Amazon concerning Hawkwell's use of its Logos, which resulted in a removal of Hawkwell's products from Amazon.

33. Despite the fact that Hawkwell has denied all of CIC's assertions of infringement of the Heart Designs trademarks and the existence of any actual or likelihood of confusion, CIC continues to file baseless infringement reports that cause Amazon to de-list Hawkwell products bearing the prominent HAWKWELL mark, the most recent one having been submitted in or about October 19, 2023 (the "October

8

2023 infringement report").

34. CIC's repeated allegations that Hawkwell has infringed on the Heart Designs trademarks and its repeated demands that Hawkwell cease and desist its use of the Pulsing Heart Logo in commerce have created a substantial controversy of sufficient immediacy.

35. CIC's demands and threats have placed a cloud over Hawkwell's rights to continue using its Logos, especially the Pulsing Heart Logos, and any similar stylized designs in commerce with respect to its products and services. That cloud and the irreparable harm to Hawkwell's brand is ongoing as a result of CIC's most recent, October 2023 infringement report. Moreover, the harm is incalculable and irreparable because CIC's repeated abuse of infringement reports on Amazon has interfered with Hawkwell's ability to maintain its brand consistently and reliably on Amazon, has damaged Hawkwell's relationship with Amazon, which is critical to an online retailer like Hawkwell with no physical U.S. presence, and has caused Hawkwell to lose the goodwill in the Hawkwell brand and prospective customers.

36. Hawkwell's Logos, as used in commerce and reflected on its online storefronts, are visually distinct from any of the Heart Designs trademarks that CIC purports to own in terms of font, text components, accompanying designs, and overall commercial impression.

37. There is no intent on the part of Hawkwell to pass off its products as those of CIC, nor would Hawkwell benefit from such attempt. In fact, Hawkwell has a registered trademark in an arbitrary term and incorporated the HAWKWELL mark in its Logos to distinguish its products from other sellers in the same industries.

38. In light of the foregoing, there is no likelihood of confusion, mistake, or error among relevant consumers between the distinct products of Hawkwell and those of CIC, or as to any affiliation between them.

39. Hawkwell is not aware of any *bona fide* instances of actual confusion between its products and those of CIC.

9

40. Therefore, Hawkwell is entitled to a judicial determination that its use, incorporation, and/or display of its Logos, including but not limited to its products and its Amazon storefront, have not infringed, do not infringe, and would not infringe any of CIC's Heart Design marks that are valid and/or enforceable. Nor would Hawkwell's use, incorporation, and/or display of its Logos constitute unfair competition with CIC's marks.

41. Also, Hawkwell is entitled to injunctive relief that would enjoin CIC from continued misuse of infringement reports on Amazon to de-list products bearing the Pulsing Heart Logo and the HAWKWELL mark because there is no likelihood of confusion.

## COUNT II
### (Tortious Interference with Business Relations under New York Law)

42. Hawkwell re-alleges and incorporates by reference paragraphs 1 through 41 hereof as if fully set forth herein.

43. CIC has tortiously interfered with Hawkwell's business relation with Amazon, an online marketplace that Hawkwell relies on to conduct its business.

44. Hawkwell had a valid business relation with Amazon, under which Hawkwell utilized Amazon's services to operate an online store and sell its products to customers nationwide, including New York residents. CIC knew of Hawkwell's business relation with Amazon at the time it submitted its baseless trademark infringement report.

45. CIC sent communications to Amazon falsely alleging that Hawkwell's use of its Logos in commerce infringed upon CIC's Heart Designs marks.

46. By making such baseless allegations, CIC intended to interfere with Hawkwell's business relation with Amazon.

47. CIC's baseless trademark infringement report actually disrupted Hawkwell's business relation with Amazon because it induced Amazon to suspend the online services it provided to Hawkwell by removing Hawkwell's products bearing the Logos from the online marketplace.

48. Hawkwell has suffered damages and loss of goodwill as a proximate result of CIC's tortious interference with its business relations with Amazon in an amount to be proven at trial.

## COUNT III
### (Defamation *per se* under New York Law)

49. Hawkwell re-alleges and incorporates by reference paragraphs 1 through 48 hereof as if fully set forth herein.

50. CIC's baseless allegations that Hawkwell infringes upon its trademark rights constitute a defamation *per se* claim.

51. CIC submitted written statements, its trademark infringement reports, concerning Hawkwell's business practice in using the Logos in commerce in connection with its products and/or services.

52. The written statements of CIC were published to a third party, Amazon, which has a business relation with Hawkwell.

53. CIC made such allegations recklessly, if not willfully. CIC submitted its baseless reports to Amazon, claiming that Hawkwell's use of both Logos were infringing upon CIC's trademark rights. However, CIC later switched to an opposite position, contending that it "has no issue" with Hawkwell's using the Hawkwell Pro Logo. The self-conflicting contentions show that CIC does not have any good-faith basis for its infringement assertions concerning the use of the Hawkwell Pro Logo.

54. CIC's allegations concerning Hawkwell's use of the Pulsing Heart Logo was made recklessly, or at least negligently. Hawkwell repeatedly pointed out the sharp distinctions between the Pulsing Heart Logo and CIC's Heart Designs marks, as well as other grounds undermining CIC's trademark infringement claim. Nevertheless, CIC insisted that

11

the use of the Pulsing Heart Logo infringed upon CIC's trademarks and demanded a licensing agreement. Such allegation is undermined by the fact that Hawkwell was able to restore its product listings with Amazon.

55. CIC's baseless trademark infringement report imputes Hawkwell to some form of misconduct or misleading practice, which implies an unfitness of Hawkwell to conduct business to the general consumers. As such, CIC's baseless trademark infringement report is defamatory *per se*.

56. CIC's baseless trademark infringement report caused Hawkwell's products to be removed from Amazon, which resulted in loss of sales nationwide, including sales to New York residents.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor as follows:

1. declaring that Hawkwell's use of both Logos in connection with its products and/or services does not constitute trademark infringement or unfair competition regarding CIC's marks under the Lanham Act or any applicable state law;

2. declaring that CIC is not entitled to any injunctive relief with respect to Hawkwell's use of both Logos in connection with its products and/or services;

3. declaring that CIC has not suffered any and will not suffer any harm or damages, and thus is not entitled to any relief under the Lanham Act or any applicable state law;

4. granting Hawkwell injunctive relief enjoining CIC from continued misuse of infringement reports on Amazon to de-list products bearing the Hawkwell Logos and the HAWKWELL mark;

5. awarding Hawkwell damages to compensate for the harm suffered as a result of CIC's tortious interference with Hawkwell's business relation with Amazon;

6. awarding Hawkwell damages to compensate for the harm suffered as a result

of CIC's defamation *per se* against Hawkwell;

      7.      awarding Hawkwell its costs, expenses, and attorney's fees in this action; and

      8.      awarding such other and further relief to Hawkwell that the Court may deem just and proper under the circumstances.

Dated: October 30, 2023
      Brooklyn, New York

Respectfully submitted,

By:   */s/David D. Lin*
       David D. Lin, Esq.

**LEWIS & LIN, LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: David@iLawco.com

*Attorneys for Plaintiff*